# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **NUBIA GRIFFIN BAKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:18-CV-8 (MTT)** |
| | ) | |
| | ) | |
| **HANCOCK COUNTY BOARD OF** | ) | |
| **COMMISSIONERS, _et al._,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

On May 18, 2018, the Court ordered Plaintiff Nubia Griffin Baker to show cause

by May 24, 2018 why her case should not be dismissed for failure to pay the required

$400 filing fee and failure to serve the Defendants as required by Fed. R. Civ. P. 4(m).

Doc. 5.  Baker has not responded to the Court's order and, based on the record, has

failed both to pay the filing fee and serve the Defendants.[1]  Accordingly, Baker's

complaint is **DISMISSED without prejudice**[2] for failure to comply with the both the

---

[1] The Court notes that Baker's counsel has filed two other suits, also against the Hancock County Board of Commissioners, on behalf of two other plaintiffs.  _Rhodes v. Hancock Cty. Bd. of Comm'rs._, 5:18-cv-22 (MTT); _Cooper-Hill v. Hancock Cty. Bd. of Comm'rs._, 5:18-cv-23 (MTT).  Like here, in those cases, the plaintiffs were told that they had failed to serve the defendants as required by Rule 4(m).  _Rhodes_, 5:18-cv-22, Doc. 5; _Cooper-Hill_, 5:18-cv-23, Doc. 6.  However, in those cases, the plaintiffs responded to the Court's order and properly served the defendants.  _Rhodes_, 5:18-cv-22, Docs. 6-8; _Cooper-Hill_, 5:18-cv-23, Docs. 7-9.

[2] The Court recognizes that, because the 90-day period, during which Baker must file suit after receiving a Right to Sue Letter from the EEOC, has passed, a dismissal _without_ prejudice is "tantamount to a dismissal _with_ prejudice."  Doc. 1 ¶ 13 (stating Baker received her "Notice of Right to Sue" on October 16, 2017); _see Powell v. Siegal_, 447 F. App'x 92, 94 (11th Cir. 2011) (assuming the plaintiff was barred from re-filing after the passage of the 90-day period).  But the Court finds there is a "clear record of willful contempt," delay, and misconduct and that lesser sanctions will not suffice.  _Powell_, 447 F. App'x at 94 (quotation marks and citations omitted); _see also Stephenson v. Doe_, 554 F. App'x. 835, 837 (11th Cir. 2014) (holding a dismissal with prejudice is appropriate where the district court finds a "clear record of delay and willful misconduct . . . and that lesser sanctions are inadequate").  Further, in asking Baker to

Federal Rules of Civil Procedure and the Court's order as well as failure to prosecute this action.  Fed. R. Civ. P. 41(b)[3]; *see Betty K Agencies, Ltd. v. M/V MONADA,* 432 F.3d 1333, 1337 (11th Cir. 2005) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an inherent power, governed . . . by the control necessarily vested in courts to manage their own affairs." (quotation marks and citation omitted)).

      **SO ORDERED**, this the 18th day of July, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

show cause why this case should not be dismissed, Baker was on notice that failure to comply would result in dismissal.  *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (noting that when the litigant has been forewarned, dismissal for failure to obey a court order is appropriate).  Accordingly, dismissal with prejudice is appropriate.

[3] Pursuant to Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Though Rule 41(b) by its terms applies only to dismissal on a defendant's motion, the Eleventh Circuit has "elide[d] th[e] neat distinction" between a district court's dismissal pursuant to Rule 41(b) and dismissal pursuant to its inherent authority in many of its prior decisions.  *Betty K Agencies, Ltd. v. M/V MONADA,* 432 F.3d 1333, 1337 (11th Cir. 2005) (citations and quotation marks omitted).  Regardless of the source of authority, it is clear the Court may dismiss an action as a sanction for failure to comply with a court order.